**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| JUSTIN PORTER, a minor, by and through his mother and next friend, Anna Thebeau, and ANNA THEBEAU, individually,<br><br>      Plaintiffs,<br><br> v.<br><br>AMEREN CORPORATION, et al.,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)    CAUSE NO. 07-CV-412-WDS<br>)<br>)<br>)<br>) |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is plaintiffs' motion to remand (Doc. 14), to which defendants filed a response (Doc. 19). Plaintiff Justin Porter, an Illinois resident, filed a lawsuit by and through his Mother and Next Friend, Anna Thebeau, against defendants in the Circuit Court for the Third Judicial Circuit in Madison County, Illinois, claiming that defendants failed to exercise the degree of care necessary to prevent Porter from climbing upon and being electrocuted by an electrical tower in Illinois. Defendants filed a notice of removal to this Court.

The party seeking removal bears the burden of establishing federal jurisdiction. *Doe v. Allied-Signal*, 985 F.2d 908, 911 (7th Cir. 1993); *Rutherford v. Merck & Co., Inc.*, 428 F. Supp.2d 842, 846 (S.D. Ill. 2006). Plaintiffs argue that several of the named defendants[1] other than Union Electric d/b/a Ameren UE, a Missouri corporation, are either Illinois corporations, or have their principal places of business located in Illinois, thus destroying the Court's diversity

---

[1] Plaintiff's complaint names Ameren Corporation, Illinois Power Company, Illinois Power Company d/b/a Illinois Power, Illinois Power Company d/b/a Ameren IP, Union Electric Company d/b/a Ameren UE, Central Illinois Public Service Company, Central Illinois Public Service Company d/b/a Ameren CIPS, Central Illinois Light Company d/b/a Ameren CILCO, Ameren Services Company, and Ameren Illinois Transmission Company.

jurisdiction.

Defendants acknowledge that some of the named defendants are either Illinois corporations or do business in Illinois, but assert that federal jurisdiction is proper because Union Electric Company d/b/a Ameren UE, a Missouri corporation, is the only defendant that "owned possessed, operated, managed, maintained, controlled, had the authority to lease, and/or had the authority to repair the tower where plaintiff was injured" (Doc. 19) and, therefore, is the only legitimate defendant in this action. Defendants assert that defendant Union Electric Power Company d/b/a Ameren UE, or its predecessor[2], maintained exclusive possession and control of the tower that plaintiff Justin Porter climbed from at least 1954 until the date of the incident, April 25, 2006. *Id*. Upon review of the record, the Court **FINDS** that defendants have sufficiently established that defendant Union Electric Company d/b/a Ameren UE was the only named defendant that "owned, possessed, operated, managed, maintained, controlled, had the authority to lease, and/or had the authority to repair the tower where plaintiff was injured" from December 1954 until April 25, 2006.

Plaintiffs argue, however, that they may still have a cause of action which would destroy this Court's diversity jurisdiction because defendants have failed to establish whether one or more of the named defendants designed and constructed the tower where Justin Porter was electrocuted, or the electric transmission lines attached thereto, or owned the land immediately adjacent thereto. Plaintiffs' claim, therefore, that they could possibly have a claim for negligent

---

[2]Plaintiffs assert that, on May 23, 1937, East St. Louis Light and Power Company changed its name to Union Electric Company of Illinois. On June 1, 1945, Union Electric Company of Illinois changed its name to Union Electric Power Company. On August 31, 1955, Union Electric Company of Missouri acquired all properties, franchises, and assets in Illinois and Iowa of Union Electric Power Company. On April 23, 1956, Union Electric Company of Missouri changed its name to Union Electric Company.

design or construction against one or more Illinois defendants. Defendants assert that the Illinois Statute of Repose governs plaintiffs' claims for either negligent design, negligent construction, or negligent failure to modify the design of the tower. 735 ILCS 5/13-214.[3] Defendants contend that such claims would have been barred, at the latest, by December of 1964.[4]

Although defendants correctly assert that the Illinois Statute of Repose bars plaintiffs' claims against defendants for negligent design and negligent construction and that those claims are, therefore, subject to dismissal, that statute does not necessarily bar plaintiffs' claims for negligent failure to modify the design of the tower. For example, a failure to modify the design of the tower could have occurred within the last ten years.

Although defendants have failed to show who was directly responsible for designing or constructing the tower in the past, that failure does not make plaintiff's negligence claim based on a failure to modify somehow viable as to all of the named defendants. It is reasonable to assume that any failure to modify that may have occurred within the last ten years would have, logically, fallen to Union Electric d/b/a Ameren UE, which exclusively owned, possessed, and controlled the tower since 1954. Upon review of the record, the Court **FINDS** that plaintiffs' claim for negligent failure to modify, as well as any remaining claims for negligence and negligence per se, against defendants Ameren Corporation, Illinois Power Company, Illinois Power Company d/b/a Illinois Power, Ameren IP, Union Electric Company, Central Illinois

---

[3] "(b) No actions based upon tort, contract, or otherwise may be brought against any person for an act or omission of such person in the design, planning, supervision, observation or management of construction, or construction of an improvement to real property after 10 years have elapsed from the time of such act or omission."

[4] Although defendants cannot state with certainty when the tower was constructed, they can state that the tower existed in its current location by December, 1954. (Doc. 19). Therefore, they argue that any claims for negligent design, negligent construction, or negligent failure to modify the design of the tower would be barred after December, 1964, at the latest.

3

Public Service Company, Central Illinois Public Service Company d/b/a/ Ameren CIPS, Central Illinois Light Company, Central Illinois Light Company d/b/a Ameren CILCO, Ameren Services Company, and Ameren Illinois Transmission Company are subject to dismissal because plaintiff cannot establish that any of these defendants owed plaintiff a duty of care.

Accordingly, the Court **DENIES** plaintiffs' motion to remand (Doc. 14). The Court **DENIES** plaintiffs' motion to stay as moot (Doc. 21). The Court sua sponte **DISMISSES** those claims in plaintiffs' complaint which allege negligent construction and negligent design claims against defendants Ameren Corporation, Illinois Power Company, Illinois Power Company d/b/a Illinois Power, Ameren IP, Union Electric Company, Union Electric Company d/b/a Ameren UE, Central Illinois Public Service Company, Central Illinois Public Service Company d/b/a/ Ameren CIPS, Central Illinois Light Company, Central Illinois Light Company d/b/a Ameren CILCO, Ameren Services Company, and Ameren Illinois Transmission Company as barred by the Illinois Statute of Repose. The Court further sua sponte **DISMISSES** plaintiffs' negligent failure to modify claim, as well as any remaining negligence and negligence per se claims, against defendants Ameren Corporation, Illinois Power Company, Illinois Power Company d/b/a Illinois Power, Ameren IP, Union Electric Company, Central Illinois Public Service Company, Central Illinois Public Service Company d/b/a/ Ameren CIPS, Central Illinois Light Company, Central Illinois Light Company d/b/a Ameren CILCO, Ameren Services Company, and Ameren Illinois Transmission Company for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). Defendants' motion for summary judgment is **DENIED** as moot (Doc. 20). Plaintiffs are **GRANTED** leave to file an amended complaint setting out their claims against the remaining defendant, Union Electric Company d/b/a Ameren UE, within twenty (20) days of the date of this Order. Accordingly, defendant Union Electric Company's motion to

dismiss (Doc. #5) is **DENIED** as moot.

**IT IS SO ORDERED.**

**DATED: January 9, 2008.**

     **s/ WILLIAM D. STIEHL**   
          **DISTRICT JUDGE**