# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JUSTIC PORTER, a minor, by and through his mother and next friend, Anna Thebeau, and ANNA THEBEAU, individually, <br><br> Plaintiffs, <br><br> v. <br><br> AMEREN CORPORATION, et al., <br><br> Defendants. | CAUSE NO. 07-CV-412-WDS |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is defendant's motion for summary judgment[1] pursuant to Fed. R. Civ. P. 56(c) (Doc. 29), to which plaintiffs have filed a response (Doc. 42), and defendant a reply (Doc. 43).

## BACKGROUND

On April 26, 2005, Justin Porter, age thirteen (13), climbed an electrical tower owned and operated by defendant Union Electric Company d/b/a Ameren UE Corporation in Madison County, Illinois. While climbing, Porter was electrocuted and fell approximately thirty-five (35) feet to the ground, sustaining burns, fractures, lacerations, and contusions. Plaintiffs allege that the same tower electrocuted another minor prior to April of 2005, and that defendant took no steps to prevent similar injuries from occurring. Plaintiffs also contend that defendant knew or should have known that children from the area would frequently play on the tower.

On January 29, 2008, plaintiffs filed an amended complaint in this Court (Doc. 26)

---

[1]The Court construed defendant's motion to dismiss (Doc. 29) as a motion for summary judgment and directed the parties to file briefs directed to that motion (See Doc. 35).

naming defendant and alleging that defendant's negligence caused injuries to plaintiff Justin Porter and also to his mother and lawful guardian, plaintiff Anna Thebeau. Defendant seeks summary judgment and contends that it did not owe plaintiff Porter a duty of care.

## LEGAL STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). A genuine issue of fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether summary judgment is appropriate, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.

## ANALYSIS

The question of whether a duty exists is an issue of law to be determined by the court. *Barnes v. Washington*, 305 N.E.2d 535, 536 (Ill. 1973). Under Illinois law, landowners, including utility operator-owners, generally do not owe a duty of care to trespassers. *Booth v. Goodyear Tire & Rubber Co.*, 587 N.E.2d 9, 11 (Ill. App. Ct. 1992). However, the Illinois Supreme Court has created an exception to that general rule and held that landowners may be liable for injuries to trespassing children when (1) a *dangerous condition* on the property causes the injury and (2) the landowner knew or should have known that children *frequent the land*. *Kahn v. James Burton Co.*, 126 N.E.2d 836, 842 (Ill. 1955) (emphasis added).

But the *Kahn* exception does not apply if plaintiff fails to establish the existence of a dangerous condition. *Booth*, 587 N.E.2d at 11. "A dangerous condition is one which is likely to

2

cause injury to children who, by reason of their immaturity, might be incapable of appreciating the risk involved." *Id*. If the condition involves an obvious risk which children generally would be expected to appreciate and avoid, the landowner is under no duty to remedy the condition. *Id*. Therefore, before the *Kahn* exception applies, plaintiff must satisfy the threshold requirement of establishing the existence of a dangerous condition.

Defendant argues that plaintiffs cannot establish the existence of a dangerous condition because plaintiff Porter encountered an open and obvious risk of harm when he climbed on a metal tower carrying an active power line. Several Illinois appellate courts have determined that exposed power lines present an open and obvious risk of harm to near-fourteen-year-old children as a matter of law. *Booth*, 587 N.E.2d at 11-12 ("[W]e find a nearly-14-year-old child should be presumed to understand and appreciate the danger associated with power lines."); *Bonder v. Commonwealth Edison Co.*, 522 N.E.2d 227, 229 (Ill. App. Ct. 1988) (holding that a 14-year-old who contacted power lines while climbing a tree was capable of understanding the dangers); *In re Estate of Dickens*, 515 N.E.2d 208 (Ill. App. Ct. 1988) (holding that a 14-year-old who was electrocuted while attempting to install a CB antenna near power lines was capable of appreciating the danger of electrical energy).

Plaintiffs distinguish *Booth*, *Bonder*, and *Dickens* on the grounds that the electrocution victims in those cases actually made direct contact with an exposed power line, whereas plaintiff Porter suffered an indirect electrocution from a power current that arced off of an exposed power line some thirty-five feet above where he climbed. But plaintiffs' attempt to distinguish these cases on those grounds is unavailing because the fact remains that plaintiff still encountered the

3

open and obvious risk of electrocution presented by the power line.[2] Although plaintiff Porter claims he did not touch an exposed electric wire directly, by climbing a metal tower carrying an active power line he took on the risk of electrocution (direct, indirect, or otherwise). The fact that plaintiff Porter sustained an electrocution in a different way than did the victims in *Booth*, *Bonder*, and *Dickens* is a distinction without a difference. The common thread in these cases is that a fourteen-year-old knowingly proceeded in the face of an open and obvious risk of electrocution, or "the [primary] danger associated with power lines." 587 N.E.2d at 11-12 ("[W]e find a nearly-14-year-old child should be presumed to understand and appreciate the danger associated with power lines.")

Similarly here, the Court **FINDS** that plaintiffs have not demonstrated that plaintiff Porter, by reason of his immaturity, was incapable of recognizing the risk of electrocution presented by climbing on a metal tower carrying a power line. Although this Court is not unsympathetic to the unfortunate circumstances surrounding Justin Porter's injuries, the Court must also consider that landowners are not "required to guard against the possibility that children will injure themselves when exposed to obvious or common conditions." *Corcoran v. Village of Libertyville*, 383 N.E.2d 177, 180 (Ill. 1978). This Court **FURTHER FINDS** that plaintiff Porter, a nearly-fourteen-year-old boy, understood the risk of electrocution he faced by climbing on a metal tower supporting an electric power line. Therefore, this Court cannot reach the *Kahn* exception and find that the defendant owed a duty to Porter. Accordingly, the Court **GRANTS** defendant's motion for summary judgment on the grounds that it did not owe plaintiff Porter a

---

[2]Plaintiff Porter also took on the open and obvious danger of falling from a great height after climbing some thirty-five feet up defendant's metal tower. *Mt. Zion State Bank & Trust v. Consol. Commc'ns, Inc.*, 660 N.E.2d 863, 869 (1995) (falling from a height presents and open and obvious danger).

4

duty of care.

## CONCLUSION

Upon review of the record, the Court **GRANTS** defendant's motion for summary judgment (Doc. 29), finding that no duty of care existed between defendant and plaintiff Porter. Without this duty, plaintiffs' cause of action fails. Therefore, the Court **ENTERS** judgment in favor of defendant Union Electric d/b/a Ameren UE and against plaintiffs Justin Porter, a minor, by and through his Mother and Next Friend, Anna Thebeau, and Anna Thebeau, Individually on all claims.

The Clerk of the Court is **DIRECTED** to enter judgment accordingly.


**IT IS SO ORDERED.**

**DATED: September 30, 2008.**


                                                                             **s/ WILLIAM D. STIEHL**
                                                                                 **DISTRICT JUDGE**