IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JUSTIN PORTER, a Minor, by and through his Mother and Next Friend, ANNA THEBEAU, and ANNA THEBEAU, Individually, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | )  CAUSE NO. 07-CV-412-WDS ) |
| UNION ELECTRIC COMPANY, d/b/a AMEREN UE, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is plaintiffs' motion for new trial, which the Court takes as a motion for reconsideration[1] (Doc. 48), to which defendant has filed a response (Doc. 51). Plaintiffs seek reconsideration pursuant to Fed. R. Civ. P. 59.

## BACKGROUND

On April 26, 2005, plaintiff Justin Porter, age thirteen (13), trespassed upon land owned by defendant Union Electric Company d/b/a Ameren UE Corporation (Ameren) in Madison County, Illinois. Plaintiff Porter then climbed a metal tower carrying a power line owned by defendant, upon which he was electrocuted and fell approximately thirty-five (35) feet to the ground, sustaining burns, fractures, lacerations, and contusions. Plaintiff is represented by his mother and next friend, Anna Thebeau. Plaintiffs seek reconsideration pursuant to Fed. R. Civ.

---

[1] Although plaintiffs have styled their motion as one seeking a new trial, the Court previously granted summary judgment to defendants based upon a finding that Ameren did not owe plaintiff Justin Porter a duty of care. As a result, this case did not go to trial. Plaintiffs assert that their motion arises under Fed. R. Civ. P. 59. Accordingly, the Court construes plaintiffs' motion as a motion for reconsideration.

P. 59 of the Court's Order, dated September 30, 2008, which granted Ameren summary judgment based upon a finding that Ameren did not owe plaintiff Justin Porter a duty of care.

## LEGAL STANDARD

Under Rule 59(e), a litigant may move the Court to amend a judgment on three limited bases: (1) newly discovered evidence; (2) an intervening change in controlling law; or (3) manifest error of law or fact. *Cosgrove v. Bartolotta*, 150 F.3d 729, 73 (7th Cir. 1998); *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995); Fed. R. Civ. P. 59(e).

## ANALYSIS

### I. Child Trespasser Exception vs. Frequent Trespasser Exception[2]

The basis of plaintiffs' claim against defendant is that, despite the general rule in Illinois that landowners owe no duty of care to trespassers,[3] plaintiff Justin Porter sustained an injury on defendant's land for which an exception to the "no duty" rule applies. In their motion now before the Court, plaintiffs seek reconsideration of the Court's ruling that the child trespasser exception[4] applies in this case. Plaintiffs contend that they alleged their claim under the frequent

---

[2]Typically, a motion to reconsider does not entitle the moving party to reassert legal arguments that the Court previously considered and denied. Although plaintiffs are attempting to do that here, the Court acknowledges that its prior order rejected this particular legal argument–that the frequent trespasser exception applies in this case–without making its reason for doing so explicit. Accordingly, the Court will address that argument now.

[3]*Marcovitz v. Hergenrether*, 134 N.E. 85, 88 (Ill. Sup. Ct. 1922).

[4]*Child Trespasser Exception*: A landowner owes a trespassing child a duty of care when: (1) he knows or should have known that children habitually frequent his land; (2) a defective structure or dangerous conditions exists on his land; (3) the defective structure or dangerous condition is likely to injure children who, by reason of their age and maturity, are incapable of appreciating the risk of harm involved; and (4) the risk of harm outweighs the expense of remedying the defective structure or dangerous condition. *Kahn v. James Burton Co.*, 126 N.E.2d 836, 889 (Ill. 1956).

trespasser exception,[5] which is separate and distinct from the child trespasser exception.[6] Although defendant argues that the child trespasser exception and the frequent trespasser exception are not separate and distinct exceptions to the "no duty" rule, settled Illinois law belies that assertion.[7]

But recognizing the existence of, and distinction between, these two exceptions does not end the Court's inquiry. The Court must also determine whether, as plaintiffs argue, the frequent trespasser exception applies in this case.[8] As the following discussion reveals, plaintiffs now seek an extension of the frequent trespasser exception which Illinois courts have never adopted.

The Supreme Court of Illinois has not applied the frequent trespasser exception in any

---

[5]*Frequent Trespasser Exception:* "When a landowner knows, or should know from facts within his knowledge, that trespassers are in the habit of entering his land at a particular point or of traversing an area of small size, many courts hold that there is a duty of reasonable care to discover and protect trespassers in the course of the landowner's activities. This duty is imposed because the burden of looking out for trespassers is not great." *Vega v. Northeast Ill. Reg'l Commuter R.R. Corp.*, 863 N.E.2d 733, 738 (Ill. Ct. App. 2007) (citations omitted).

[6]*Nelson v. Northeast Regional Commuter R.R. Corp.*, 845 N.E.2d 884, 889 (Ill. App. Ct. 2006) ("[P]laintiff brings her cause of action under the 'frequent trespass' doctrine, which is separate and distinct from the *Kahn* doctrine.")(citing *Miller v. General Motors Corp.*, 565 N.E.2d 687, 691 (Ill. App. Ct. 1990)).

[7]In *Jae Boon Lee v. Chicago Transit Auth.*, 605 N.E.2d 493, 498-99 (Ill. 1992), the Supreme Court of Illinois recognized three exceptions to the well-settled principle that a landowner owes no more than a duty to refrain from willfully or wantonly injuring a trespasser. 605 N.E.2d at 498-99 (citing *Marcovitz v. Hergenrether*, 134 N.E. 85, 88 (1922)). One of those exceptions, called the frequent trespasser exception, requires the landowner to use ordinary care "to those who are frequent trespassers in a limited area where the landowner knows or should know of their constant intrusion." *Id.* at 498-99 (citing *Bernier v. Ill. Cent. R.R. Co.*, 129 N.E. 747, 750 (1921); Restatement (Second) of Torts § 334, at 188 (1965)). The Supreme Court of Illinois recognized the child trespasser exception, as a separate exception to the "no duty" rule. *Jae Boon Lee*, 605 N.E.2d at 498-99 (citing *Kahn v. James Burton Co.*, 126 N.E.2d 836, 842 (Ill. 1956)).

[8] Notably, the Supreme Court of Illinois has not spoken on the issue of whether the frequent trespasser exception applies where a trespassing child has been electrocuted by an overhead power line. In circumstances such as these, where the highest court of the state has not passed upon an issue, a federal court sitting in diversity must "ascertain from all the available data what the state law is and apply it. . . ." *West v. Am. Tel. & Tel. Co.*, 311 U.S. 223, 236-37 (1940) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)). In doing so, a federal district court is bound to follow the decisions of intermediate state appellate courts absent compelling evidence that the highest state court would rule otherwise. *See Id.* at 237.

case since 1921,[9] but the Illinois Court of Appeals has applied that exception more recently, most frequently in cases involving trespassers traversing a "beaten path" on or near a set of railroad tracks.[10]  In at least one case, *Miller v. Gen. Motors Corp.*, 565 N.E.2d 687 (Ill. App. 1990), the Illinois Court of Appeals refused to extend the frequent trespasser exception to cover a case involving a trespasser who was electrocuted by a power line. *Id.* at 694.

In *Miller*, a twenty-year-old boy attempted to gain access to a balcony area of a pumphouse by scaling a nine-foot wall and crawling through a twelve- by twenty-inch gap between the floor and the balcony. *Id.* at 689. After climbing onto the balcony, plaintiff grabbed a live electrical wire, and severely injured his hand. *Id.*  Although the Illinois Court of Appeals explicitly considered the frequent trespasser exception in determining whether the defendant owed a duty of care to plaintiff, the court did not apply that rule. *Id.* at 691-95.  Therefore, the Illinois Court of Appeals implicitly refused to extend application of the frequent trespasser exception to reach cases with facts similar to those now before the Court.

On the other hand, the Supreme Court of Illinois has never considered a case in which an overhead power line caused an electrocution to a child trespasser.[11]  Therefore, the Supreme

---

[9] *Bernier v. Illinois Central R.R. Co.*, 129 N.E. 747, 750 (1921)

[10] *Vega v. Northeast Ill. Reg'l Commuter R.R. Corp.*, 863 N.E.2d 733, 738-741 (Ill. App. Ct. 2007) ("Lawsuits arising from railroad accidents have contributed to the development of the frequent trespass doctrine in Illinois."); *Nelson v. Northeast Ill. Reg'l Commuter R.R. Corp.*, 845 N.E.2d 884, 888-89 (Ill. App. Ct. 2006); *McKinnon v. Northeast Ill. Reg'l Commuter R.R. Corp.*, 635 N.E.2d 744, 747 (Ill. App. Ct. 1994); *Rodriguez v. Norfolk & W. Ry. Co.*, 593 N.E.2d 597, 608-609 (Ill. App. Ct. 1992).

[11] In *Jae Boon Lee v. Chicago Transit Authority*, a forty-six-year-old man died when he contacted the electrified third rail of the defendant's railroad tracks while attempting to urinate close by. 605 N.E.2d 493, 496 (Ill. 1992).  The case now before the Court is distinguishable from *Jae Boon Lee* on two factual grounds.  First, whereas the plaintiff in *Jae Boon Lee* was forty-six years old when he was electrocuted, Justin Porter was thirteen.  In addition, the power source that the plaintiff in *Jae Boon Lee* contacted was concealed beneath a railroad track, whereas the power line that electrocuted plaintiff Porter was suspended at a great height in the air by a metal tower.

Court has never passed on the question of whether the child trespasser exception applies in such cases. But the Illinois Court of Appeals has applied the child trespasser exception on facts similar to those now before the Court.[12] Notably, the Court of Appeals also applied the open and obvious danger doctrine[13] to limit landowner liability in those cases,[14] a result plaintiffs attempt to avoid in this case through application of the frequent trespasser exception.

Even if the Illinois Supreme Court has not endorsed its lower courts' application of the child trespasser exception, this Court cannot ignore or reject the Illinois Court of Appeals' clear pronouncement that the child trespasser exception applies when a child is electrocuted by an overhead power line.[15] After ascertaining what the law in Illinois states with respect to this issue, the Court remains unpersuaded by other data that the Supreme Court of Illinois would

---

[12] *Booth v. Goodyear Tire & Rubber Co.*, 587 N.E.2d 9, 11 (Ill. App. Ct. 1992) (finding that a nearly-14-year-old, who trespassed upon property and contacted a power line suspended above a catwalk, was presumed to understand and appreciate the danger associated with power lines); *Bonder v. Commonwealth Edison Co.*, 522 N.E.2d 227, 229 (Ill. App. Ct. 1988) (holding that a 14-year-old boy who contacted power lines while climbing a tree was capable of understanding the dangers); *In re Estate of Dickens*, 515 N.E.2d 208, 211 (Ill. App. Ct. 1987) (deeming a 14-year-old boy who was electrocuted while attempting to install a CB antenna near a power line capable of appreciating the danger of electrical energy).

[13] In *Corcoran v. Village of Libertyville*, the Supreme Court of Illinois clarified the scope of the child trespasser exception to the "no duty" rule, limiting landowner liability in cases where child trespassers sustain injuries on open and obvious dangers. 383 N.E.2d 177, 178 (Ill. 1978). In *Corcoran*, a two-year-old child fell into a ditch near his home and suffered brain damage. *Id*. Discussing the import of the *Kahn* decision, the Supreme Court stated that "the *Kahn* principle should not be construed to impose a duty on owners or occupiers to remedy conditions the obvious risks of which children generally would be expected to appreciate and avoid." *Id.* at 180. The Court explained that "[e]ven if an owner or occupier knows that children frequent his premises, he is not required to protect against the ever-present possibility that children will injure themselves on obvious or common conditions." *Id.*

The primary distinction, therefore, between the frequent trespasser exception and the child trespasser exception is that the child trespasser exception limits landowner liability when the child sustains injuries on an open and obvious danger. Under the frequent trespasser analysis, whether the trespasser recognized the danger as open or obvious is irrelevant.

[14] *Booth*, 587 N.E.2d at 11; *Bonder*, 522 N.E.2d at 229; *Dickens*, 515 N.E.2d at 212.

[15] *West*, 311 U.S. at 236.

depart from its lower courts' rulings.[16]  Ultimately, plaintiffs' desire to apply the frequent trespass exception in this case is an attempted end-run around the immunity that landowners enjoy against trespassers who injure themselves on open and obvious dangers.[17]  Accordingly, plaintiffs' motion for reconsideration cannot be granted on these grounds.

## II. Duty Analysis

Plaintiffs also seek reconsideration on the grounds that, even if this Court properly applied the open and obvious danger rule, the Court erred in failing to consider whether defendant could reasonably have foreseen the injury that plaintiff Porter sustained.[18]  But as the Illinois Supreme Court has made clear, when the open and obvious danger rule applies in *trespasser* cases, "there is no reasonably foreseeable risk of harm."[19]  The Court further stated that "[t]he exception for obvious dangers is 'not merely a matter of contributory negligence or assumption of risk, but of lack of duty to the child.'"[20]  This Court is bound by the Supreme Court of Illinois' clear holding that landowners cannot foresee injuries sustained by child *trespassers* on open and obvious conditions and, therefore, owe no duty of care in such

---

[16]*Id.* at 238.

[17]*Mt. Zion State Bank & Trust v. Consol. Commc'ns, Inc.*, 660 N.E.2d 863, 869 (Ill. 1995).

[18]*Sollami v. Eaton*, 772 N.E.2d 215, 224 (Ill. 2002) ("Determining that the open and obvious danger doctrine applies does not end the inquiry regarding duty in a negligence case."); *Grant et al. v. South Roxana Dad's Club*, 886 N.E.2d 543, 548-550 (Ill. App. Ct. 2008) ("The open and obvious danger rule is not a substitute for an analysis of a defendant's duty . . . the focus of the inquiry must be on . . . whether the defendant could reasonably have foreseen injury to the plaintiff.").  The critical distinction between the facts in this case and the facts in both *Sollami* an *Grant* is that the injured children in those cases were *invitees*, whereas the injured child in this case was a *trespasser*.

[19]*Mt. Zion*, 660 N.E.2d at 868 (citing *Cope v. Doe*, 464 N.E.2d 1023, 1027 (Ill. 1984)).

[20]*Mt. Zion* 660 N.E.2d at 868.

circumstances.[21] Accordingly, plaintiffs' motion for reconsideration cannot be granted on these grounds.

### III. Power Line: Open and Obvious Risk?

Finally, plaintiffs contend that the Court erred in ruling that the risk of electrocution that plaintiff Porter encountered was open and obvious. Plaintiffs have simply restated the argument that they raised in opposition to defendant's motion for summary judgment, an argument that the Court previously considered and rejected. Upon review of the record, the Court remains convinced that plaintiff Justin Porter encountered the open and obvious risk of electrocution when he knowingly climbed a metal tower supporting a power line.[22] Because plaintiffs have not pointed to any manifest error of law or fact with respect to their third and final argument, their motion for reconsideration on these grounds warrants no further consideration.

### **CONCLUSION**

This Court, as it has previously stated, is not unsympathetic to the unfortunate circumstances leading to plaintiff Porter's injuries in this case. In arriving at its determination, the Court has considered and weighed competing considerations of public policy. The great concern for human safety that is raised by the facts of this case must be weighed against the rationale that, "in a civilization based on private ownership, it is considered a socially desirable policy to permit a person use of his land in his own way, without the burden of watching for and

---

[21]*Id.*

[22]*Booth v. Goodyear Tire & Rubber Co.*, 587 N.E.2d at 12-13 ("[W]e find a nearly-14-year-old child should be presumed to understand and appreciate the danger *associated with* power lines.") (emphasis added); *Bonder v. Commonwealth Edison Co.*, 522 N.E.2d 227, 229 (Ill. App. Ct. 1988) ("[I]t is common knowledge that any wire carrying electricity is dangerous.") (citing *Genaust v. Ill. Power Co.*, 343 N.E.2d 465 (Ill. 1976)); *In re Estate of Dickens*, 515 N.E.2d 208, 211 (Ill. App. Ct. 1987) (holding that the assumption that a wire carrying electricity is dangerous extends to 14- and 15-year-old boys).

protecting those who come there without permission or right."[23]  Ultimately, "[t]he responsibility for a child's safety lies primarily with his or her parents, whose duty it is to see that the child is not placed in danger."[24]  Upon review of the record, the Court **DENIES** plaintiffs' motion for reconsideration (Doc. 48).

    **IT IS SO ORDERED.**

    **DATED: September 24, 2009.**

**s/ WILLIAM D. STIEHL**
**DISTRICT JUDGE**

---

[23] *Mt. Zion*, 660 N.E.2d at 871.

[24] *Id.* at 868.